

# NUMBER 13-17-00066-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAY BRADY COLLUMS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Benavides
### Memorandum Opinion by Justice Contreras

Following a trial, a Victoria County jury convicted appellant Jay Brady Collums of assault causing bodily injury to a family member, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West, Westlaw through 2017 1st C.S.). Collums was sentenced to 365 days in county jail and fined $4,000. By one issue on appeal, Collums argues that the trial court erred by "not giving defense counsel sufficient time for her

subpoena to be served." We affirm.

## I. BACKGROUND

Collums was charged by information with intentionally, knowingly, and recklessly causing bodily injury to Pleashette Todd, a person with whom he had a dating relationship, by grabbing Todd with his hands and throwing her into a wall on or about June 5, 2016.

At the guilt-innocence phase of trial, Officer Jonathan Delarosa of the Victoria Police Department testified that he was the first officer called to the scene. According to Delarosa, Todd informed him that there was a hole in a wall in her apartment which had been caused by Collums shoving her into the wall. On cross-examination, defense counsel asked Delarosa whether he or Todd first "br[ought] up" the issue of the hole in the wall. Delarosa replied that he was "pretty sure" that "she brought it up" and he "d[idn't] think that" he asked about it first.

Todd testified that Collums was at her apartment on June 5, 2016, to visit with their son. According to Todd, when Collums observed that their son's bicycle had been damaged, he became angry and a physical altercation ensued. Todd stated that Collums grabbed, strangled, punched, and scratched her. She stated that the hole in the wall was caused by Collums pushing her into the wall.

After one additional State's witness and three defense witnesses testified, defense counsel asked to approach the bench and the trial court excused the jury. Defense counsel explained to the trial court that she needed to confer with her client regarding whether he was going to testify; the trial court agreed to allow a brief recess for this purpose. The following colloquy then occurred:

> [Defense counsel]: Then the other thing, and I—I take full responsibility and full fault for this, the—there is another police officer

that did arrive at the apartment that night, and he—he had—he activated—it's called his Taser body cam. And it—it is not a very long video, it's a short one, but that was the one that I had submitted the subpoena for a while ago.

THE COURT: Okay. And you did that—

[Defense counsel]: And I am actually debating whether I, you know, actually want to do that or not, I would just ask the Judge—

THE COURT: Okay. Well, you—when did you do that subpoena, was it this afternoon?

[Defense counsel]: It was, yes, right around 1:00, 1:15.

THE COURT: It was probably later than that actually, probably, I think that we were back in Court, it was probably after 1:30. But at any rate, so you are wanting to—you haven't subpoenaed this police officer. Let me just kind of inquire just so I understand—

[Defense counsel]: Yes, sir.

THE COURT: What—I mean, this police officer wasn't an actual witness to the alleged incident that night.

[Defense counsel]: No, he came—I guess that he was back up, and he put—he had his body—Taser body cam on, and he filmed a little bit of Pleashette Todd talking to Officer Delarosa, and then he went out to his vehicle. He—and I think that he says this on the camera, but then he says—it is in his written report, he went out to the police vehicle to get paperwork for Officer Delarosa, and then—

THE COURT: What I am trying to figure out—

[Defense counsel]: —then he came back in and then he left, he said I left to—he actually left to go look for Mr. Collums.

[Prosecutor]: Your Honor, with all due respect, counsel has had ample time to subpoena this witness, has had ample time to get the documents. They announced ready for trial, scrambling to find this witness and evidence they have been provided for.

3

| THE COURT: | I am trying to figure out the relevance too. |
|---|---|

[Defense counsel]: Well, there is just one piece of information in there about the hole in the sheetrock wall. It is—I will just go ahead and say it, it's the—the officer—the Officer Delarosa enters the room, and the first thing he does— very first thing out of his mouth I believe, he asked Pleashette Todd what is that hole in the wall. She doesn't talk about it, the officer brings it up. And then her response is just kind of like, well, I don't know what this is. Well, she does not—she does not affirmatively accuse Mr. Collums of pushing her into the wall.

[Prosecutor]: We have already heard testimony from Officer Delarosa and Ms. Todd—unless [defense counsel] had an opportunity to cross-examine this officer and call him a liar at that time, and now she is attempting to call the officer after he has already been excused.

THE COURT: [Defense counsel], I am—

[Defense counsel]: That's fine, Your Honor.

THE COURT: I am inclined—well, I will take it up if you—if you insist, but I am—at this point, you know, I told you that I was going to be moving on today.

[Defense counsel]: That's fine, Your Honor, and I was conflicted about including that or calling that, and I definitely am not calling anybody a liar, [prosecutor], I am just saying that it's—

THE COURT: Well, you have got—you have got a few minutes if you want to try to get him here, and then we'll see y'all at 3:20. And then I'll address—let me know if you want to call your client or not.

[Defense counsel]: All right.

The trial court then brought the jury back into the courtroom and defense counsel rested.

The jury found Collums guilty as charged and assessed his sentence as set forth

above.[1] This appeal followed.

---

[1] The information included an enhancement paragraph alleging that Collums had previously been convicted of a felony in 2009. Collums pleaded "true" to the paragraph; therefore, at the punishment phase,

4

## II. DISCUSSION

On appeal, Collums contends:

> By failing to allow defense counsel sufficient time to get her newly issued subpoena duces tecum[2] served on a local peace officer, the trial court deprived appellant of exculpatory evidence (officer's "body cam" video) which would have tended to suggest that appellant was not guilty of his charged offense, and that the complaining witness may have, after police interviewed her at the scene, created an untrue explanation for how the hole in her wall was created.

In response, the State asserts that Collums has failed to preserve this issue for appeal. We agree.

To preserve a complaint for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Daniel v. State*, 485 S.W.3d 24, 35 (Tex. Crim. App. 2016). In this case, defense counsel did not ask for a continuance at any time but, rather, repeatedly indicated her acquiescence to proceeding without a continuance. Moreover, the record reflects that there was a brief recess following the above-quoted colloquy, after which defense counsel expressed that she was ready to proceed. At no time did counsel make any request or objection, explicit or implicit, upon which the trial court could have ruled. Therefore, there is no issue for us to review.

Even if Collums had moved for a continuance and the trial court denied the motion, such denial would not constitute error. The Texas Code of Criminal Procedure provides

---

the jury was instructed to assess a punishment of at least 90 days but not more than one year in jail, as well as a fine not to exceed $4,000. *See* TEX. PENAL CODE ANN. § 12.43(a) (West, Westlaw through 2017 1st C.S.).

[2] Collums presumes on appeal that the subpoena referred to by defense counsel is a subpoena duces tecum seeking production of the body-cam video. But no subpoena or subpoena duces tecum appears in the record. And it is unclear, from the colloquy set forth above, whether or not any subpoena was ever actually issued.

that a mid-trial continuance "may be granted . . . when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." TEX. CODE CRIM. PROC. ANN. art. 29.13 (West, Westlaw through 2017 1st C.S.). There is nothing in the record in this case showing any unexpected occurrence that would have justified a mid-trial continuance; to the contrary, counsel conceded that it was her fault that the witness was not present. The trial court would not have abused its discretion in denying a continuance. *See Gonzales v. State*, 304 S.W.3d 838, 844 (Tex. Crim. App. 2010) (noting that a denial of continuance is reviewed for abuse of discretion).

### III. CONCLUSION

Collums's issue is overruled and the trial court's judgment affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of January, 2018.